IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN W. POKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-2344-KHV |
| | ) |
| CORPORATE EXPRESS DOCUMENT | ) |
| & PRINT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

This matter comes before the court on the defendant Corporate Express Document & Print Management, Inc.'s motion for protective order (**doc. 13**).  In the motion, defendant indicated that the parties were able to agree to all but one provision of a proposed protective order.  Therefore, on November 16, 2007, the undersigned magistrate judge, James P. O'Hara, entered a text order (doc. 16) directing the parties to submit a joint red-lined draft of a proposed protective order which indicated the disputed provision.  The order also established November 21, 2007, 12:00 noon, as the deadline for plaintiff to respond to the motion and November 26, 2007 for defendant to reply.  The court has received the parties' joint red-lined proposed protective order, and the parties has filed their respective responsive briefs (docs. 17 & 18).

After review of the proposed  protective order, and consideration of the parties' arguments, the court finds that defendant has established good cause for the second-tier of

O:\ORDERS\07-2344-KHV-13.wpd

protected documents, i.e., "Attorneys' Eyes Only."  Therefore, the court adopts defendant's version of the proposed protective order.  As to the objection by plaintiff to the inclusion of the second-tier of protected documents, the court finds that paragraph 9 provides plaintiff with an adequate remedy in the event that the parties disagree with a designation by defendant.  Having allowed this additional tier, however, the court <u>strongly</u> encourages that the use of this designation be <u>very</u> limited, as defendant has represented it will be.

The court has also modified paragraph 12 to address to filing of protected documents. Finally, consistent with the court's published guidelines dealing with protective orders, the court has modified paragraph 14 with regard to enforcement of this order after termination of this litigation.

Accordingly,  pursuant to Fed. R. Civ. P. 26(c), the court orders the following:

1.      This Protective Order ("Protective Order") shall govern the exchange, use and other disclosure of certain discovery materials provided by any party and, where applicable, any non-party to the within-action.  When used in this Protective Order, the words "discovery material(s)" means all written, recorded, or graphic matter whatsoever, including but not limited to, interrogatories and responses thereto, requests for admissions and response thereto, documents or other tangible things produced by any party or non-party in this action whether pursuant to notice, demand, subpoena, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

2.      It is the intent that both the Plaintiff and Company provide for an efficient

exchange of certain discovery materials with minimal intervention from the Court; accordingly, any designation under this Protective Order shall be made in good faith.

3.      A party's designation of discovery material as "CONFIDENTIAL" shall be made by marking each page of a document wherein such confidential material is contained with the word "CONFIDENTIAL."   Any party may designate any discovery material produced in this action or any portion of any deposition testimony which contains or discloses trade secrets, confidential research or development, unpublished financial data, technological developments, pricing or cost information, production, marketing, or sales forecast or strategy, the terms of a contract or other similar commercially sensitive information of a non-public nature as "CONFIDENTIAL."   Any copies, summaries, charts or notes made from discovery materials marked "CONFIDENTIAL" shall also be subject to the terms of this Protective Order.

4.      At any deposition, or within ten days after receipt of the transcript thereof, any party may mark portions of the testimony as "CONFIDENTIAL."   Through and including the aforesaid ten-day period, the transcript shall be considered "CONFIDENTIAL" and subject to the restrictions of this Protective Order.

5.      Within ten (10) days of receipt of information designated as "CONFIDENTIAL," the receiving party shall notify in writing the designating party of any objection, specifying the grounds for its objection and requesting that such "CONFIDENTIAL" designation be withdrawn from the information.   In the event the designating party does not agree to withdraw the "CONFIDENTIAL" designation, the

receiving party may notify the Court, in writing, of its request to have the "CONFIDENTIAL" designation withdrawn from the information. Such information shall continue to be treated as subject to this Protective Order unless thereafter such "CONFIDENTIAL" designation is withdrawn by order of the Court or voluntarily by the designating party.

6. Except as otherwise provided in this Protective Order, information designated and marked as "CONFIDENTIAL" may not be disclosed or disseminated in any form or manner by the receiving party or its agents or representatives, other than to a "Qualified Person" described in paragraph 7 of this Protective Order and only under the conditions set forth below:

a. Prior to disclosure or dissemination of material marked as "CONFIDENTIAL" to any Qualified Person, the attorney making the disclosure shall provide a copy of this Protective Order to the Qualified Person and advise that the individual that, pursuant to this Protective Order, such individual may not divulge in any manner the material marked as "CONFIDENTIAL" to any other person. Individuals identified in subsections (iii) and (iv) of paragraph 7 of this Protective Order shall execute a written agreement in the form annexed hereto as Appendix A and subscribed by the attorney for the receiving party in the form set forth in Appendix A. Each original, executed agreement shall be maintained in the files of the disclosing party and shall be available for review by all counsel and parties upon reasonable notice after final disposition of this action and all appeals therefrom.

Absent compliance with these conditions, no disclosure or dissemination of information designated as "CONFIDENTIAL" shall be made or permitted, unless otherwise ordered by the Court; and

  b. Any individual or entity (aside from the undersigned attorneys or their employees as set forth in paragraph 7 hereof) to whom disclosure or dissemination is made pursuant to this paragraph shall, upon the conclusion of the task for which they have received "CONFIDENTIAL" information, return all "CONFIDENTIAL" information and materials derived therefrom to the counsel from whom they received such information and shall not make any copies of material marked as "CONFIDENTIAL."  The provisions of this paragraph may be waived upon the written consent of the designating party.  Any individual or entity to whom disclosure is made pursuant to this paragraph is prohibited and enjoined from disclosing or otherwise making use of any material marked as "CONFIDENTIAL" other than for the purpose of defending or prosecuting this action or providing an expert opinion in this action, and failure to adhere to this and all other restrictions imposed by Protective Order shall constitute a contempt of Court and subject such individual or entity to criminal penalties and civil damages resulting from such failure to adhere to the restrictions of this Protective Order.

7. "Qualified Person" as used herein means (i) any counsel of record for a party to this action, including their respective associate attorneys, paralegals and administrative or clerical staff; (ii) in-house and outside counsel directly or indirectly involved in this action,

including their respective associate attorneys, paralegals and administrative or clerical staff; (iii) potential expert witnesses; and (iv) the parties.  Counsel of record, in-house counsel and outside counsel, as the case may be, shall remain responsible and subject to the sanctions and penalties described herein for the breach of this Protective Order by their respective associate attorneys, paralegals and any other administrative or clerical staff referenced in items (i) and (ii) above.

8.      Some discovery materials may contain information of such a sensitive nature that their disclosure to anyone other than counsel could result in irreparable harm to the disclosing party. In such cases, the additional designation "ATTORNEYS' EYES ONLY" may be applied to restrict the dissemination of such materials to the attorneys for the party to which the materials are produced and such other person described in subparagraphs 7 (i) and (ii) above.

9.      Whenever a party objects to the designation of discovery material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" it may apply to the Court for a ruling that such discovery material shall not be so treated, giving notice to the party or non-party producing or designating the discovery material. Until this Court enters an Order changing the designation, or the designating party stipulates otherwise, such discovery materials shall be subject to the restrictions assigned to it and provided for in this Protective Order.

10.      Use of any and all information designated and marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall be limited to the

within action and such material shall not be used in connection with any other actions or for any purpose other than the prosecution or defense of this action. Any use or disclosure of information marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for any purpose unrelated to the prosecution or defense of this action shall subject the party or other person or entity making such use or disclosure to contempt of Court, criminal penalties and civil damages resulting from such use or disclosure. The provisions of this Protective Order, however, shall not apply to a designating party's own use or disclosure of information marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by such party.

11.     The prohibitions against a receiving party's use of material marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall equally apply to the disclosure of such material to any other person or entity, including those who may be witnesses in this litigation. In the event that material marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is intended to be disclosed by a receiving party to any other person or entity, the receiving party shall provide to the designating party no less than 10 days written notice of its intention to disclose such material. If, prior to the anticipated date of disclosure, the designating party provides written objection to such disclosure, no disclosure shall be made until further order of the Court.

12.     Upon final disposition of this action, including all appeals therefrom, counsel for each receiving party shall assemble and, at the written direction of the designating party, either destroy or return to counsel for the designating party all material marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (including all copies, extracts,

abstracts, charts and summaries of the material, whether written or otherwise recorded). If the receiving party is directed to destroy any of the documents (including all copies, extracts, abstracts, charts and summaries thereof), it shall certify in writing to the designating party that it has done so and shall certify that it retains no such documents including all copies, extracts, abstracts, charts and summaries thereof.

13.    If a party wishes to use any material marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court. The use of material marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as evidence in this action shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

14.    No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel for the parties or by an order of this Court for good cause shown. The final disposition of this action shall not relieve any person who has received material marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the obligations imposed by this Protective Order.  Consistent with the Protective Order guidelines posted on the court's website, the court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

15.    Nothing in this Protective Order shall prevent or restrict the persons subject to

it from seeking at any time to change an inadvertent designation of any discovery materials by placing or removing such restrictions as provided herein.

16.    This Protective Order shall apply to any information which may already have been produced in the litigation, provided that such information be properly designated by the producing party within ten days of the date of entry of this Protective Order.

17.    Any party may apply to the Court, upon proper notice, for modification of this Protective Order with respect to the handling or designation of any information subject hereto.

18.    This Protective Order shall be binding upon any future party to this litigation.

IT IS SO ORDERED.

Dated this 27th day of November, 2007, at Kansas City, Kansas.


     s/James P. O'Hara
     James P. O'Hara
     U.S. Magistrate Judge